**LEWIS BRISBOIS BISGAARD & SMITH LLP**
SASHA M. CUMMINGS, SB# 195496
HEIDI ADAMS, SB# 219498
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant
PHILIPS PRODUCTS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| INSIGHT GLASS, INC., a California Corporation,<br><br>              Plaintiff,<br><br>   vs.<br><br>PHILIPS PRODUCTS; PHILIPS PRODUCTS, INC.; PHILIPS INDUSTRIES; PHILIPS INDUSTRIES, INC.; TOMKINS, PLC; TOMKINS CORPORATION; TOMKINS INDUSTRIES, INC.; TOMKINS ACQUISITION CORPORATION; DOES 1-100, inclusive,<br><br>              Defendants. | CASE NO. 2:09-CV-03370-JAM (EFB)<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Trial Date:        April 29, 2013 |

**STATEMENT OF REASONS FOR PROTECTIVE ORDER**

The discovery, pre-trial and trial phases of this action will involve the disclosure of private and confidential business and/or financial information of Defendant Philips Products, Inc. and other third parties. Accordingly, the Plaintiff Insight Glass, Inc. and Defendant Philips Products, Inc. (collectively "the parties"), hereby stipulate that certain information and documents may be released in discovery subject to an agreement as to how such information may be handled during the course of this litigation and disclosed to others.

1.   **Persons Bound**

The persons bound by this Stipulation and Protective Order Regarding Confidential

4841-6061-9535.1

Information (the "Order") are the parties to this action, their counsel of record in this action and other persons who agree to be bound by this Order and who have executed the Certificate of Non-Disclosure which is attached as Exhibit A hereto (the "Certificate").  Further, each person to whom disclosure of Confidential Information is made agrees to be subject to the jurisdiction of this Court for the purpose of proceedings relating to performance under, compliance with, or a violation of this Order.

**2.** **Definitions**

(a) A "Designating Party" means any person or entity (including a non-party) that designates information or documents as eligible for protection under this Protective Order.

(b) "Confidential Information" is information produced by or on behalf of a Designating Party which constitutes private and confidential business and/or financial information as to which the Designating Party seeks protection from disclosure.

(c) A "Confidential Document" means any document that contains Confidential Information as designated by a Designating Party.

(d) "Privileged Material" means any discovery material that is privileged under the attorney-client or work product privileges, or under any other applicable privilege and any copies, abstracts, summaries, or information derived from such Privileged Material, and notes or other records regarding the contents of such Privileged Material.

(e) A "Qualified Person" means:

(1) A party to this action and/or a party's insurance representative;

(2) Counsel of record for the parties and the legal assistants and regularly employed office staff of counsel of record for the parties;

(3) Professional vendors that provide litigation support services and their employees and subcontractors, who have executed a declaration in the form attached hereto as Exhibit A;

(4) Any mediators, arbitrators or other neutrals retained jointly by the parties or appointed by the Court, provided the neutral is made of this Order and either agrees to execute a declaration in the form attached hereto as Exhibit A or otherwise enters into a confidentiality agreement that is acceptable to all parties to ensure that Confidential Information is not used or

1  disseminated for any purpose other than the mediation, arbitration or alternative dispute resolution
2  process for which the neutral is retained;
3       (5)   Persons retained by a party or its attorneys of record to assist in this action, such as
4  independent accountants, expert witnesses, statisticians, economists, consultants, or other
5  technical experts and/or consultants, who have executed a declaration in the form attached hereto
6  as Exhibit A, which signed acknowledgment shall be retained by such party or its attorneys.

### 3. Confidential Information

(a)   Confidential Documents must be designated as confidential at the time of production by the Designating Party by stamping the first page of any document or response to discovery which that party or non-party considers in good faith to contain Confidential Information with the designation "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER." The failure of a party or non-party to designate information as Confidential Information at the time of production shall not constitute a waiver of the confidentiality of that information. If, at any time after the production of information, a party or non-party desires to designate some or all of that information as confidential, the parties hereto will meet and confer in good faith to discuss whether the information will be made confidential and subject to this order via stipulation, or whether the party or non-party seeking to designate the information as confidential must file a motion.

(b)   To the extent derivative materials quote, summarize or contain Confidential Information, such as interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, reports of consultants, expert witness disclosures, affidavits and briefs, the derivative materials shall be marked and treated as Confidential Information in accordance with this Protective Order. Each party or person who prepares and/or disseminates derivative materials shall bear primary responsibility for either identifying and designating the Confidential Information. Any failure to follow this process for handling derivative materials containing Confidential Information shall constitute a breach of this Protective Order. To the extent feasible, derivative materials containing Confidential Information shall be bound or maintained separately from all other information.

LEWIS
BRISBOIS

1      (c)     Confidential Information in a deposition may be designated as such on the record or at or before the time changes to the deposition transcript are due to be submitted to the court reporter. The court reporter shall assure that the portion of each deposition transcript containing Confidential Information shall be separately bound and shall bear the legend "Subject to Confidentiality Order Case No. 2:09-CV-03370-JAM." If there are additional costs for preparing the separate binding, those costs shall be borne by the Designating Party.

### 4.     Protection For Confidential Information

(a)     Confidential Information shall be disclosed only as provided in this order and only to (i) Qualified Persons, as set forth in Paragraph 2(e); and (ii) deponents, as set forth in Paragraph 4(c).

(b)     Prior to the disclosure of Confidential Information to any Qualified Person described in Paragraphs 2(e)(3), 2(e)(4) and 2(e)(5), each person seeking to disclose Confidential Information shall present this Order to the proposed recipient and shall ensure that the proposed recipient reads this Order and that such person executes a copy of Exhibit A hereto, certifying that such person has read this Order and agrees to be bound by its terms and the terms of Exhibit A. Before Confidential Information may be disclosed to any person described in Paragraph 2(e)(3), 2(e)(4) and 2(e)(5) the disclosing party shall take reasonable steps to ensure that the person receiving the Confidential Information will abide by the terms of this Order.

(c)     Counsel may, during a deposition in this case and on the record of such deposition, show document(s) designated as Confidential Information to deponents: (i) if the deponent appears on the face of the document as an author or recipient of the document; or, (ii) if the deponent has knowledge of or is reasonably believed to have knowledge of or information relating to the document. Any disclosure or consent to disclosure during a deposition pursuant to this Paragraph 4(c) shall not be deemed a waiver of confidentiality as to the document at issue.

(d)     Disclosure of Confidential Information shall be made only to persons identified in Paragraphs 2(e) and 4(c) and only in the manner specified in this Order and only as necessary for the purposes of this action. Only so many copies of documents embodying Confidential Information as are necessary for use in this action shall be made.

(e) Filing of Confidential Documents with the Court. ~~Confidential Documents filed with the Court in connection with discovery motions or proceedings shall be filed under seal, in an envelope bearing the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER," and shall remain sealed while in the office of the clerk so long as they retain their status as Confidential Documents~~. Any party seeking to file Confidential Documents in connection with discovery motions or proceedings shall comply with the sealing provisions set forth in Eastern District of California Local Rule 141. A party intending to introduce Confidential Information to be used at trial or in proceedings other than discovery motions or proceedings must give the Designating Party reasonable written notice (at least 24 hours) of the intent to file the documents and an opportunity to meet and confer in good faith with the Designating Party so that the Designating Party Can bring a motion for an order sealing the records.

(f) Use of Confidential Documents or Information at Trial. Nothing in this Protective Order shall prevent or limit the ability of a party from making use of Confidential Documents or Information at trial. The Designating Party may, however, move the Court for an order that evidence be received under conditions that prevent unnecessary disclosure. In such cases, the Court will then determine whether the document(s) or information should continue to be treated as Confidential and, if so, the scope of the protection, if any, that may be afforded to such information at trial.

(g) Each and every recipient of any Confidential Information shall maintain the same in a secure and safe area, and the recipient shall exercise the same standard of due and proper care with respect to the storage, custody, use and dissemination of all such Confidential Information as is exercised by a reasonably prudent person in like circumstances.

**5. Other Provisions**

(a) This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them, including the right to contest the categorization of a document marked as Confidential or Privileged Material. Any party who does not believe a document marked as Confidential or Privileged Material should be so considered, may apply to the Court by a properly noticed motion for a determination of the propriety of categorizing the

4841-6061-9535.1                                   5
STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

document as Confidential or Privileged Material, subject only to the limitation that until the Court rules on the motion, the document will continue to be treated as Confidential or Privileged Material and will be subject to the conditions set out in this Stipulation. Further, any party may apply to the Court for modifications or amendment to this order.

(b)  Confidential Information shall be used solely for the purpose of prosecuting or defending this action (i.e., United States District Court Case No. 2:09-CV-03370-JAM). Upon termination of this action, the persons subject to this Order agree to return all Confidential Information and copies of Confidential Information produced by the producing parties. Further, the parties agree that at the conclusion of this action, they will serve on any party producing Confidential Information, copies of the executed Certificates of Non-Disclosure (Exhibit A) prepared by persons who received Confidential Information pursuant to Paragraph 4(b).

(c)  The obligations of persons subject to this Order survive the termination of this lawsuit.

(d)  Violation by any person of any term of this Order shall be punishable as a contempt of court.

(e)  Pre-Motion Conference. Before making any motion related to the provisions of this Protective Order, counsel contemplating such a motion shall confer in good faith with opposing counsel in an effort to resolve the subject of the motion on a stipulated basis, subject to Court approval as may be necessary. In the event of any dispute the parties shall proceed with all due haste to have the matter decided expeditiously.

(f)  This Order may only be modified by further Order of the Court.

(g)  Nothing contained in this Protective Order, and no action taken pursuant to it, shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of any evidence, or its use at trial or in any other proceeding in this action. Any remedies or penalties for violating any provision of this Protective Order shall be cumulative in nature, and nothing in this Protective Order shall be deemed to restrict or prevent any person or government agency from pursuing other relief or penalties.

(h)  After termination of this action, the Court shall retain jurisdiction to issue any

further orders to enforce the Protective Order and preserve the confidentiality of all Confidential Information.  Termination of the proceedings herein shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise.

      (i)      Producing Party may freely disclose the Confidential Information in any manner it chooses without relieving the obligations imposed by this Protective Order upon others.

      (j)      This Protective Order may be executed in counterparts and as executed, shall constitute one Protective Order binding on all the parties hereto, even if all the parties are not signatories to the original or the same counterparts.  A facsimile or scanned signature shall be as valid as an original signature.

IT IS SO STIPULATED.

DATED: June 6 2012          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Heidi Adams
Heidi Adams
Attorneys for Defendant
PHILIPS PRODUCTS, INC.

DATED: June 6 2012          MCCARTHY & McCARTHY LLP

By: /s/ Jan Fredrick Trudeau
Jan Fredrick Trudeau
Attorneys for Plaintiff INSIGHT GLASS, INC.

**ORDER**

IT IS SO ORDERED.[1]

DATED: June 8, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In light of the parties' stipulation, the motion to approve this stipulated protective order, Dckt. No. 24, is denied as unnecessary and the July 11, 2012 hearing thereon is vacated.